UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-07336 PA (MAAx) | Date | September 11, 2019 |
|---|---|---|---|
| Title | David Bakos v. Johnson & Johnson, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by Plaintiff David Bakos ("Plaintiff"). (Docket No. 9-1.) Defendants Ethicon Endo-Surgery, Inc., Maggie Cox, and Andrea Henson ("Removing Defendants") filed a Notice of Removal, removing this case to this Court. (Docket No. 1.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for September 16, 2019 is vacated, and the matter taken off calendar.

**I.    Background**

In the Complaint, Plaintiff alleges that on April 9, 2019, he underwent a surgery that required Plaintiff's surgeon to create an anastomosis following the procedure. (Docket No. 1-2 ("Compl.") ¶ 22.) To create the anastomosis, Plaintiff alleges his surgeon used a defective Ethicon curved intraluminal stapler. (Id.) Plaintiff claims this stapler caused "severe injuries to Plaintiff when it failed to create a proper anastomosis because of the ejection of a malformed stapler or uncut washer." (Id.) Following his surgery, Plaintiff initiated this action in California state court against corporate defendants Johnson & Johnson, Ethicon Inc., and Ethicon Endo-Surgery, Inc. ("Corporate Defendants") and individual defendants Jamie Wells, Maggie Cox, Jason Clarke, Isaac Wojcik, and Annie Henson ("Individual Defendants"). (Id. ¶ 1.) Plaintiff alleges four causes of action: (1) products liability, (2) negligence, (3) intentional misrepresentation, and (4) negligent misrepresentation. (Id. ¶¶ 37-69.)

Plaintiff alleges that each Individual Defendant "is associated with" Corporate Defendants and engages in the "advertisement, promotion, marketing, sales, and/or distribution of the curved intraluminal staplers in the State of California, and specifically in the greater Los Angeles area." (Compl ¶¶ 10-14, 16.) According to the Complaint, Plaintiff is a citizen of California, and all of the Individual Defendants are citizens of California. (Id. ¶¶ 6, 10-14.) Johnson & Johnson and Ethicon, Inc. are incorporated under the laws of New Jersey and have their principal places of business in New Jersey. (Notice of Removal ¶ 12 n. 3.) Ethicon Endo-Surgery, Inc. is incorporated under the laws of Ohio and has its principal place of business in Ohio. (Id. ¶ 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-07336 PA (MAAx) | Date | September 11, 2019 |
|---|---|---|---|
| Title | David Bakos v. Johnson & Johnson, et al. | | |

    Removing Defendants filed their Notice of Removal on August 23, 2019. (Docket No. 1.) Although Removing Defendants concede Individual Defendants are citizens of California - which would preclude diversity jurisdiction pursuant to 28 U.S.C. § 1441(b) - Removing Defendants argue Plaintiff fraudulently joined Individual Defendants. (Notice of Removal ¶ 7.) Plaintiff filed a Motion to Remand on September 3, 2019, alleging Individual Defendants were not fraudulently joined. (Docket No. 9.)

**II.**     **Legal Standard**

    "Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress." See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    To invoke this Court's diversity jurisdiction, Removing Defendants must prove that (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

**III.**     **Analysis**

    The Ninth Circuit recognizes an exception to the complete diversity requirement where a defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

    "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendants. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-07336 PA (MAAx) | Date | September 11, 2019 |
|---|---|---|---|
| Title | David Bakos v. Johnson & Johnson, et al. | | |

prevail on the merits, but whether there is any possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)). Further, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." Id. citing Archuleta v. American Airlines, Inc., No. CV 00-1286, 2000 WL 656808, at *4 (C.D. Cal. 2000).

While a court can look at evidence including declarations, a court should remand a case "where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." Morris, 236 F.3d at 1066. "Accordingly, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nation v. Bayer Healthcare Pharmaceuticals, Inc., No. 13CV4689, 2013 WL 12144106, at *1 (C.D. Cal. Aug. 19, 2013). "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." Id. (internal quotations omitted).

Removing Defendants do not dispute that Individual Defendants are citizens of California. Removing Defendants instead argue Individual Defendants' joinder was fraudulent because "[t]he vast majority of Plaintiff's allegations are brought indiscriminately against all Defendants, without any specificity as to whether certain claims or allegations pertain to only some or one defendant in particular." (Notice of Removal ¶ 4.) "Plaintiff's only specific allegation[] as to the [Individual Defendants is] that they were involved in the 'sales, marketing, and distribution of Ethicon staplers, including the specific stapler involved in the subject incident." (Id. ¶ 5.) Removing Defendants presented declarations from Individual Defendants stating (1) none of the Individual Defendants "know nor have they spoken with the doctor who performed [Plaintiff's] surgery regarding surgical staplers"; (2) "USC Keck Hospital (where Plaintiff's surgery was performed) is not one of the accounts [Individual Defendants] covered as it is outside their geographic region"; and (3) none of the Individual Defendants know nor have they spoken with Plaintiff. (Id. ¶ 6; Ex. B, Wells Decl. ¶ 3-5; Ex, C, Cox Decl. ¶¶ 3-4; Ex. D, Clarke Decl. ¶¶ 3-4; Ex. E, Wojcik Decl. ¶¶ 3-4; Ex. F, Henson Decl. ¶¶ 4-6.)

Removing Defendants' argument is unpersuasive. First, the evidence presented by Removing Defendants does not directly contradict all of Plaintiff's allegations against both Individual Defendants and Defendants. For example, Plaintiff alleges "Defendants failed to establish and maintain a complaint file and tracking system for defective staplers to evaluate and review complaints." (Compl. ¶ 25.) The declarations submitted by Removing Defendants do not directly rebut this allegation. Further, while the Complaint "may indeed be deficient as accused, . . . leave to amend those deficiencies would be appropriate," and "[r]emand must be granted unless the [Removing Defendants] show[] that [Plaintiff] would not be afforded leave to amend his complaint to cure the purported deficiency." Nation, 2013 WL 12144106, at *2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-07336 PA (MAAx) | Date | September 11, 2019 |
|---|---|---|---|
| Title | David Bakos v. Johnson & Johnson, et al. | | |

The case cited by Removing Defendants, Brown v. Allstate Ins. Co., 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) is not persuasive. In Brown, the court found that "[a]lthough Plaintiff's Complaint [named] three individual defendants in the caption and in the heading of some causes of action, no material allegations against these defendants [were] made." Id. Here, Plaintiff has made material factual and legal allegations as to all Defendants, as well as factual and legal allegations as to just Individual Defendants.

The Court finds that Removing Defendants have not met their "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on any of his claims against the Individual Defendants. Neither the Complaint itself nor any evidence submitted in support of the Notice of Removal forecloses the possibility of Plaintiff succeeding on at least some of his claims against the Individual Defendants. Nor have Removing Defendants satisfied their burden of establishing that Plaintiff would not be granted leave to amend to cure any purported deficiency.

**Conclusion**

For the reasons stated above, this Court determines that Removing Defendants have failed to establish that complete diversity exists among Plaintiff and all Defendants. See 28 U.S.C. § 1447(c). Thus, this Court does not have jurisdiction over this action. Accordingly, the Court remands this action back to the Superior Court of the State of California for the County of Los Angeles, Central District, Case No. 19STCV23902 for lack of subject matter jurisdiction.[1/]

IT IS SO ORDERED.

---

[1/] Removing Defendants also allege that the amount in controversy requirement under 28 U.S.C. § 1446(c)(2)(B) is satisfied. Because this Court finds that Removing Defendants have failed to establish complete diversity, it does not address Removing Defendants' amount in controversy argument.